IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TELISSA PILLOW, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-cv-0865-MJR-DGW |
| | ) |
| FRIENDSHIP MANOR | ) |
| INVESTORS LLC, | ) |
| | ) |
|         Defendant. | ) |

MEMORANDUM AND ORDER
ON THRESHOLD REVIEW

REAGAN, District Judge:

On October 13, 2009, Friendship Manor Investors LLC removed the above-styled case to this federal District Court from the Circuit Court of Washington County, Illinois. The case comes before the undersigned Judge on threshold review, the purpose of which is to ascertain that subject matter jurisdiction lies. That is the Court's first duty in every newly-filed or freshly-removed case. **Winters v. Fru-Con, Inc.**, 498 F.3d 734, 740 (7th Cir. 2007), *quoting* **McCready v. White**, 417 F.3d 700, 702 (7th Cir. 2005). **See also Wisconsin Knife Works v. National Metal Crafters**, 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do … is check to see that federal jurisdiction is properly alleged.").

Based on the September 21, 2009 amendment of Pillow's state court complaint (substituting Friendship Manor for an improperly named Defendant), Friendship Manor removes this action under 28 U.S.C. § 1446(b)

and invokes jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating its existence. **Hart v. FedEx Ground Pkg. Sys., Inc.**, 457 F.3d 675, 679 (7th Cir. 2006); **Chase v. Shop 'N Save Warehouse Foods, Inc.**, 110 F.3d 424, 427 (7th Cir. 1997). Friendship Manor has fallen short of sustaining that burden here.

The amount in controversy likely suffices in this retaliatory discharge action based on Illinois law. Pillow (who apparently did not file a pre-removal affidavit or stipulation to accept less than $75,000) prays for *over $50,000* in damages and, for this cause of action, would be entitled recover lost back pay, front pay, and possibly punitive damages. So the amount in controversy is not a jurisdictional obstacle. However, the record before this Court does *not* establish that complete diversity exists between the parties.

Pillow is an Illinois citizen, but the removal notice unhelpfully states that Friendship Manor, a limited liability company, is "incorporated in the State of Indiana, with its principal place of business in Indiana" (Doc. 2, p. 3). This information is irrelevant as to a limited liability company (LLC).

For the purposes of assessing diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members. **Camico Mut. Ins. Co. v.**

*Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), *citing Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir.), *cert. denied*, 549 U.S. 1047 (2006). In the case at bar, Friendship Manor Investors LLC has neither disclosed nor even recognized the need (and sought additional time in which) to identify the citizenship of each of its members.

The United States Court of Appeals for the Seventh Circuit has expressed displeasure at incomplete and incorrect jurisdictional allegations. In *Wise*, 450 F.3d at 267, the Court remarked that the "parties' insouciance about jurisdiction, besides being unprofessional, is … disturbing." Similarly, in *Belleville Catering Co. v. Champaign Marketplace, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003), the Seventh Circuit emphasized:

> Once again, litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money….
>
> Both sides … must share the blame for assuming that a limited liability company is treated like a corporation….
>
> It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary…. Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do).

Plainly, the party seeking the federal forum (Friendship Manor) has not shown that the requirements of § 1332 are satisfied, *i.e.*, complete diversity

between the parties. Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." **Hart, 457 F.3d at 679, quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).** The Court will provide one opportunity for Friendship Manor to cure this problem, if possible.

The Court **DIRECTS** Friendship Manor to file an Amended Removal Notice, clearly identifying all necessary information for this Court's jurisdictional review (including citizenship of each LLC member), no later than **Monday, November 2, 2009**.

IT IS SO ORDERED.

DATED October 15, 2009.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge
